UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AEOLUS SYSTEMS, LLC,

    Plaintiff,

v.                                       CASE No. 8:07-CV-536-T-30TGW

UNITED STATES OF AMERICA,
et al.,

    Defendants

_____

## REPORT AND RECOMMENDATION

This cause came on to be heard upon the Motion for Preliminary Injunction (Doc. 9), which was referred to me (Doc. 6). The plaintiff seeks to enjoin the defendants from awarding an Army contract pending resolution of its claim that the defendants improperly rescinded the award of the contract to it. Based on the government's representation that the Army will not award the contract pending resolution of the Motion to Transfer, I recommend that the Motion for Preliminary Injunction be stayed.

The plaintiff filed against the defendants a complaint asserting that the defendants improperly rescinded the award of an Army contract to it for business development and IT support services (Doc. 1). The plaintiff subsequently filed a Motion for Temporary Restraining Order, seeking to enjoin the defendants from awarding this contract to another company pending resolution of this lawsuit (Doc. 5). A temporary restraining order was entered in this case on April 24, 2007, which enjoined the defendants for ten days from "awarding the contract for U.S. Army Solicitation No. W91QV1-060R-0031..." (Doc. 6).

Although a motion for preliminary injunction was not pending at the time the temporary restraining order was entered, expecting that such a motion would be filed, the order granting the temporary injunction scheduled a hearing before me on May 3, 2007, on the anticipated application for preliminary injunction (id. at pp. 2-3). The plaintiff filed its Motion for Preliminary Injunction on April 30, 2007 (Doc. 9).

Accordingly, a hearing was held on the matter (see Doc. 14). Counsel for the parties appeared, but the defendants did not file a response to the Motion for Preliminary Injunction and objected to argument on the merits

of the motion, stating that it had not been served with the plaintiff's motion five days in advance of the hearing as required by Rule 6(d), F.R.Civ.P., and Local Rule 4.06(b)(3). Although the defendants had ample notice of the hearing, the plaintiff's Motion for Preliminary Injunction was not filed until almost one week after the entry of the temporary restraining order, which afforded the defendants only two full days to respond to the plaintiff's submissions.

Further, consideration of the merits of the Motion for Preliminary Injunction was complicated by a jurisdictional issue raised by the defendants. Thus, prior to the plaintiff's filing of the Motion for Preliminary Injunction, the defendants filed a Motion to Transfer this case, arguing that this dispute regarding procurement of a government contract is solely within the jurisdiction of the Court of Federal Claims (Doc. 8). Consequently, government counsel thought that a hearing on the jurisdictional issue would precede a discussion on the merits of the Motion for Preliminary Injunction. The plaintiff agreed at the hearing that the jurisdictional issue should be resolved first.

Although the Motion to Transfer was not referred to me, I was prepared to hear the parties' jurisdictional arguments since that issue underlies the court's authority to issue the preliminary injunction. However, the

government suggested during the hearing that the Motion for Preliminary Injunction does not need to be resolved at this point, as the Army is willing to stay an award of the contract pending resolution of the Motion to Transfer and the expiration of time for challenging any such ruling.

Although the government is unwilling to consent to a continuation of the temporary restraining order or to the entry of a preliminary injunction, it has agreed to maintain the *status quo* pending resolution of the Motion to Transfer. This proposal is acceptable to the plaintiff. Further, a stay of this matter appears to be in everyone's best interests. Thus, the government's pledge to stay an award of the contract achieves the plaintiff's goal of maintaining the *status quo* and it benefits the defendants in that it insures that they do not end up with possibly conflicting contract awards if the plaintiff prevails on its claim.

Moreover, the approach of staying the preliminary injunction motion is prudent because resolution of the motion would require resolving the anomaly created by the interaction of 28 U.S.C. 1491 and 28 U.S.C. 1292(d)(4)(B). Thus, if it is determined that jurisdiction is governed by §1491(b), the Court of Federal Claims would have exclusive jurisdiction over

this dispute. See PGBA, LLC v. U.S., 389 F.3d 1219, 1227 (Fed. Cir. 2004). On the other hand, §1292(d)(4)(B) provides: "When a motion to transfer an action to the Court of Federal Claims is filed in a district court.... [it] shall not bar the granting of preliminary or injunctive relief, where appropriate and where expedition is reasonably necessary." Therefore, the interaction of these statutes could seemingly create a circumstance whereby a court without jurisdiction has the power to order injunctive relief. I am extremely dubious that §1292(d)(4)(B) applies here. Nonetheless, staying this matter avoids having to resolve this issue.

In addition, if this case is ultimately transferred, by staying the Motion for Preliminary Injunction, it would appear on the docket for consideration by the Court of Federal Claims.

Therefore, in consideration of the government's representation that it will not issue the Army contract pending resolution of its Motion to Transfer, I recommend that the temporary restraining order be allowed to expire and that resolution of the Motion for Preliminary Injunction (Doc. 9) be stayed pending resolution of the Motion to Transfer. Further, it has been requested that, if possible, the Motion for Transfer be given expedited consideration since the Army wishes to award the outstanding contract as soon as possible.

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: MAY 4, 2007

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).