**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**AEOLUS SYSTEMS, LLC,**

      **Plaintiff,**

**v.**                          **Case No.  8:07-cv-536-T-30TGW**

**SMALL BUSINESS ADMINISTRATION,**
**et al.,**

      **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants United States of America Small Business Administration, Department of the Army, and Michael McHale's (collectively, **"Defendants"**) Motion to Transfer (Dkt. #8), Plaintiff's Motion for Preliminary Injunction (Dkt. #9), and the Report and Recommendation submitted by Magistrate Judge Thomas G. Wilson (Dkt. #16).  The Court notes that Plaintiff has filed objections to the Report and Recommendation (Dkt. #19), and Defendants have filed a response to the same (Dkt. #21).  After careful consideration of the Report and Recommendation of the Magistrate Judge in conjunction with an independent examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

On March 30, 2007, Plaintiff filed its Complaint (Dkt. #1) against the Defendants, alleging that Defendants improperly rescinded the award of an Army HUBZone set-aside contract for business development and IT support services.  On April 24, 2007, the Court granted Plaintiff's Motion for Temporary Restraining Order (Dkt. #6), enjoining Defendants from awarding the contract at issue (U.S. Army Solicitation No. W91QV1-060R-0031, hereinafter referred to as the **"Contract"**) to another bidder for a period of ten (10) days.  In response, Defendants filed a Motion to Transfer, asserting that the Court of Federal Claims has exclusive jurisdiction over this matter pursuant to Tucker Act, 28 U.S.C. § 1491, as amended by the Administrative Dispute Resolution Act of 1996 (the **"ADRA"**), Pub. L. No. 104-320, 110 Stat. 3870 (collectively, the **"Tucker Act"**).

On April 30, 2007, Plaintiff filed a Motion for Preliminary Injunction (Dkt. #9), moving this court to enjoin the Defendants from awarding the Contract until this case is decided at trial.  Following a hearing before the Magistrate Judge on the Temporary Restraining Order and Plaintiff's Motion for Preliminary Injunction, the Magistrate Judge recommended that the temporary restraining order be allowed to expire[1], and the Motion for Preliminary Injunction be stayed pending resolution of the Motion to Transfer (Dkt. 16).

The Tucker Act provides, in pertinent part:

> Both the Unites States Court of Federal Claims and the district courts of the United States shall have jurisdiction to render judgment on an action by an interested party objecting to a

---

[1] The Court notes that the ten day Temporary Restraining Order entered on April 24, 2007, has already expired.

> solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement. Both the United States Court of Federal Claims and the district courts of the United States shall have jurisdiction to entertain such an action without regard to whether suit is instituted before or after the contract is awarded.

28 U.S.C. § 1491(b)(1). While the Tucker Act purports to give United States district courts jurisdiction over bid protests and procurement claims, the ADRA contained a sunset provision which terminated the jurisdiction of United States district courts over actions described in 28 U.S.C. § 1491(b)(1) as of January 1, 2001. 110 Stat. at 3875. Thus, the Court of Federal Claims now has exclusive jurisdiction over government contract protest actions. PGBA, LLC v. United States, 389 F.3d 1219, 1227 (Fed. Cir. 2004). As noted by the court in PBGA, the "legislative history indicates that, by giving the Court of Federal Claims exclusive jurisdiction . . . Congress intended to increase the uniformity of bid protest and government contract law." Id. The Court concludes that, because the Court of Federal Claims has exclusive jurisdiction over the instant action, Defendants' Motion to Transfer should be granted.

   **ACCORDINGLY**, it is therefore, **ORDERED AND ADJUDGED**:

   1.    The Report and Recommendation (Dkt. #16) of the Magistrate Judge is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

   2.    Defendants' Motion to Transfer (Dkt. #8) is **GRANTED**.

3.      The Clerk is directed to **TRANSFER** this case to the United States Court of Federal Claims and close this file.

4.      Plaintiff's Motion for Preliminary Injunction (Dkt. #9) is **STAYED** pending resolution of the motion by the United States Court of Federal Claims.

**DONE** and **ORDERED** in Tampa, Florida on May 22, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Even\2007\07-cv-536.R&R and Transfer.frm